IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID F. CIMPERMAN, JR. | ) | CASE NO.:  5:01CV2884 |
| | ) | |
| Plaintiff, | ) | JUDGE POLSTER |
| | ) | |
| vs. | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| | ) | |
| CITY OF NEW PHILADELPHIA | ) | (Jury Demand Endorsed Heron) |
| | ) | |
| Defendant. | ) | |

Now comes Defendant, City of New Philadelphia, by and through counsel, and for its Answer to Plaintiff's Complaint states as follows:

1. This answering Defendant admits the allegations in paragraphs (1), (2), (3), and (4) of Plaintiff's Complaint.

2. Answering paragraph (5) of Plaintiff's Complaint, this answering Defendant admits that on or about April 28, 2000, Plaintiff held the rank of patrolman. Further answering, this Defendant admits that Plaintiff filed a written Complaint on or about April 28, 2000 with his immediate supervisor concerning a sexually explicit photograph being disseminated in the police department.  Further answering, this Defendant admits that the photograph depicted the body of a nude black male with Plaintiff's face and that the Plaintiff may have considered the photograph offensive.

1

Further answering, this Defendant denies each and every and all of the remaining allegations contained in paragraph (5) not expressly admitted.

3. Answering paragraph (6), this Defendant admits that Plaintiff sought an investigation into the circumstances surrounding the creation of the photograph and dissemination of it within the department.  Further answering, this Defendant admits that an investigation was undertaken pursuant to the applicable rules and regulations of the New Philadelphia Police Department.  Further answering, this Defendant admits that Captain DeMattio himself did not conduct an investigation because the officers who were the subject of the investigation were on the shift of Captain Calderon, who did in fact conduct an investigation.  Further answering paragraph (6), this Defendant denies each and every and all of the remaining allegations contained therein not expressly admitted.

4. Answering paragraph (7), this Defendant admits that on or about May 10, 2000, Plaintiff filed a supplemental Complaint against Captain Calderon, who was in fact the officer in charge of the shift that two of the officers that were the subject of the investigation were assigned to.  Further answering paragraph (7), this Defendant asserts that the supplemental Complaint filed by the Plaintiff speaks for itself and no further responsive pleading is required with respect to the substance thereof.  Further answering, this Defendant denies that there was any violation of departmental policy in relation to an internal investigation.  Further answering paragraph (7), this Defendant denies each and every and all of the allegations contained therein not expressly admitted.

5. Answering paragraph (8), this Defendant admits that on or about May 19, 2000, Plaintiff provided Captain DeMattio with additional information concerning his Complaint of sexual harassment.  Further answering paragraph (8), this Defendant denies each and every and all of the allegations contained therein not expressly admitted.

6. This answering Defendant denies the allegations in paragraph (9).

7. Answering paragraph (10), this Defendant admits that the Chief of Police ordered Captain Calderon to lead the investigation into the allegations made by the Plaintiff and which are referred to in Plaintiff's Complaint.  Further answering, this Defendant admits that at the time Captain Calderon was assigned by the Chief of Police, the Chief was aware that Captain Calderon was one of the subjects of Plaintiff's Complaint.  Further answering paragraph (10), this Defendant denies each and every and all of the allegations contained therein not expressly admitted.

8. This answering Defendant denies the allegations in paragraph (11).

9. Answering paragraph (12), this Defendant admits that after the completion of the investigation the officers responsible for the dissemination of the photograph received a one day suspension without pay.  Further answering, this Defendant admits that neither Captain DeMattio nor Captain Calderon received any disciplinary sanction and that neither engaged in conduct justifying any discipline in relation to the claims asserted by Plaintiff.  Further answering paragraph (12), this Defendant denies each and every and all of the remaining allegations contained therein not expressly admitted.

10. Answering paragraph (13), this Defendant admits that on or about June 30, 2000, Plaintiff was promoted to the rank of Captain of the New Philadelphia Police Department. Further answering paragraph (13), this Defendant admits that Plaintiff's employment with the New Philadelphia Police Department was terminated on or about August 31, 2000. Further answering paragraph (13), this Defendant denies each and every and all of the allegations contained therein not expressly admitted.

11. Answering paragraph (14), this Defendant admits that Plaintiff filed a grievance with respect to the termination of his employment. The grievance was ultimately submitted to arbitration and the report and award of the arbitrator are in no need of interpretation and require no further responsive pleading. Further answering paragraph (14), Defendant admits that Plaintiff was returned to his position as a Captain in the New Philadelphia Police Department as a result of the arbitration of his grievance but denied any entitlement to back pay during the year that he was off of work. Further answering paragraph (14), this Defendant denies each and every and all of the allegations contained therein not expressly admitted.

12. Answering paragraph (15), this Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging sexual harassment and retaliation. Further answering paragraph (15), this Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

13. This answering Defendant denies the allegations in paragraphs (16), (17), (18), (19), (20), (21), (22), (23), (24), and (25) of Plaintiff's Complaint.

4

**FIRST DEFENSE**

14. This answering Defendant realleges all of the admissions, denials, and averments in paragraphs (1) through (13) as if fully rewritten herein.

15. All or part of Plaintiff's Complaint fails to state a claim upon which relief can be granted as against this answering Defendant.

**SECOND DEFENSE**

16. All or part of Plaintiff's Complaint is barred by the applicable statute of limitations.

**THIRD DEFENSE**

17. Plaintiff has failed to exhaust his administrative remedies.

**FOURTH DEFENSE**

18. Abstention.

**FIFTH DEFENSE**

19. At all times material hereto, Defendant acted in good faith.

**SIXTH DEFENSE**

20. At all times material hereto, Defendant was under a duty to act.

**SEVENTH DEFENSE**

21. At all times material hereto, Defendant was privileged to act.

**EIGHT DEFENSE**

22. Punitive and exemplary damages are not recoverable as against this answering Defendant.

WHEREFORE, having fully answered, Defendant, City of New Philadelphia, prays Plaintiff's Complaint be dismissed and it go hence without cost.

                                    Respectfully submitted,

                                    MAZANEC, RASKIN & RYDER CO., L.P.A


                                    <u>s/ Todd M. Raskin</u>
                                    TODD M. RASKIN (0003625)
                                    e-mail:  traskin@mrrlaw.com
                                    CARL E. CORMANY (00019004)
                                    e-mail:  ccormany@mrrlaw.com
                                    100 Franklin's Row's Row
                                    34305 Solon Road
                                    Cleveland, OH   44139
                                    (440) 248-7906
                                    (440) 248-8861  facsimile

                                    Attorneys for Defendant, City of New Philadelphia


OF COUNSEL:       Michael Johnson, Esq. (0011845)
                                    Law Director, City of New Philadelphia
                                    117 South Broadway
                                    New Philadelphia, OH 44663

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 11, 2002, a copy of the foregoing Answer to Plaintiff's Complaint was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                    s/ Todd M. Raskin
                                    TODD M. RASKIN
                                    e-mail: traskin@mrrlaw.com
                                    CARL E. CORMANY (00019004)
                                    e-mail: ccormany@mrrlaw.com

                                    Attorneys for Defendant, City of New Philadelphia

OF COUNSEL:      Michael Johnson, Esq. (0011845)
                                    Law Director, City of New Philadelphia
                                    117 South Broadway
                                    New Philadelphia, OH 44663

G:\TMR912\020039\Pleadings\ANSWER.DOC